UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIRK B. GOODRICH,<br>   Plaintiff,<br><br>-v-<br><br>GURPREET SINGH JOHAL and<br>A C TRANSPORT,<br>   Defendants. | No. 1:12-cv-572<br><br>HONORABLE PAUL L. MALONEY |

## ORDER OF REMAND FOR LACK OF JURISDICTION

Plaintiff initiated this action on March 28, 2012, by filing his complaint in the Circuit Court of Van Buren County, Michigan. On June 6, 2012, Defendants removed this action to federal court under 28 U.S.C. § 1446 and the diversity statute, 28 U.S.C. § 1332.

### ANALYSIS

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an obligation to examine whether they have subject-matter jurisdiction over an action. *See Argaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("No court can ignore the defect [in it's jurisdiction]; rather a court, noticing the defect, must raise the matter on its own"). When an action is removed from state court, a federal court must consider whether it has subject matter jurisdiction. *See Probus v. Charter Commc'ns, LLC*, 234 F.App'x 404, 406 (6th Cir. 2007). If a district court determines that it lacks subject-matter jurisdiction over a removed action, the action must be remanded. 28 U.S.C. § 1447(c).

Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)).

Plaintiff's complaint asserts personal-injury claims based on Defendants' roles in an automobile accident. According to the complaint, Plaintiff, a police officer, was attending to an accident on January 4, 2011, when Defendant Johal's semi-truck went out of control and hit one of the crashed cars, which then hit Plaintiff, causing him serious injury. Plaintiff alleges that Defendant Johal acted negligently by driving faster than weather conditions admitted. Further, Plaintiff alleges that Defendant A C Transport, Mr. Johal's employer, is statutorily liable for Mr. Johal's negligence. Plaintiff's complaint alleges that "[t]he amount in controversy exceeds the jurisdictional minimum for this Court." (Compl., ECF No. 1-1 ¶ 2.)

A defendant may remove a civil action filed in state court to federal district court when the federal district court would have original jurisdiction over that suit. 28 U.S.C. § 1441(a). Defendants argue this Court has original jurisdiction over the complaint on diversity grounds. Under § 1332(a), a federal court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. The party seeking to remove the action to federal court has the burden of establishing that the district court has jurisdiction. *Long v. Bando Mfg. Of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) (holding defendant has the burden of establishing that

2

removal was proper).

Defendants assert that Plaintiff is a citizen of Michigan and they are instead citizens of the Province of Ontario, Canada. (Not. of Removal, ECF No. 1 ¶ 2.) This assertion appears to contain an error, however; instead of referring to Defendant Johal, the notice of removal discusses the citizenship of "Defendant Jerzy Durda." (*Id.* ¶ 2.B.) This person is not a party to this action, and neither the notice of removal nor the complaint itself alleges the citizenship of Defendant Johal himself. As such, the notice of removal does not support diversity jurisdiction, and this court must remand the case.

The notice of removal appears to contain an additional deficiency, however. The complaint itself does not support a finding that the amount in controversy here "more likely than not" exceeds $75,000. *Gafford v. Gen. Elec. Co.*, 977 F.2d 150, 158 (6th Cir. 1993) overruled on other grounds by *Hertz Corp. v. Friend*, — U.S. —, 130 S.Ct. 1181 (2010). Defendants' notice of removal alleges that "Plaintiff is, in reality, seeking damages well in excess of $75,000[,] as plaintiff's counsel has represented that this matter is valued well in excess of $75,000" (Not of Removal, ECF No. 1 ¶ 2.D.), but it provides neither an affidavit nor any other support for this bare allegation.[1] Without any such support, the court cannot find "by the preponderance of the evidence" that the amount in controversy is sufficient to confer federal jurisdiction. 28 U.S.C. § 1446(c)(2)(B).

Finally, the court notes that the state-court complaint was filed more than 30 days before Defendants filed their notice of removal. Defendants allege that their notice is timely, "as it is filed less than 30 days after the last defendant was served with the Summons and Complaint" (Not. of Removal, ECF No. 1 ¶ 3), but they do not allege when the defendants were served and the record

---

[1] The "jurisdictional minimum" alleged in Plaintiff's complaint is $25,000. Mich. Comp. Laws § 600.8301.

before this court does not clarify the issue. It is not immediately clear whether this allegation satisfies section 1446's requirement of a "short and plain statement of the grounds for removal," but the court need not decide this issue today because the court does not appear to have subject-matter jurisdiction for the reasons discussed above.

## CONCLUSION

Because Defendants have not sufficiently alleged that the parties to this suit are in fact diverse and that the amount in controversy in the complaint exceeds $75,000, this Court lacks subject-matter jurisdiction over the action. Therefore, this action is **REMANDED** to the Circuit Court of Van Buren County, Michigan. **IT IS SO ORDERED.**

Date:   June 11, 2012                                          /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge